The Attorney General is in receipt of your request for an Attorney General's Opinion in which you ask, substantially, the following questions: If an Excise Board member does not reside in the county he represents as Excise Board member, owns no property in county but is registered to vote in county, can he legally be a member of the County Excise Board? Is it legal for a county officer to apply to the Excise Board for one amount of money for salaries, and then deduct money from two of the salaries and apply that money to four other salaries ? Your first question concerns the eligibility of an individual to serve on the County Excise Board who does not reside or own property within that county but is a registered voter therein. Title 68 O.S. 2457 [68-2457] (1979) establishes the manner of appointment of members of the County Excise Board and provides in part as follows: 68 O.S. 2457 [68-2457]. County Boards of Equalization — County excise boards — Members — Restrictions — "A. A county board of equalization is hereby created for each county in the state, composed of three (3) members . . . provided, however, that no person shall be appointed to membership on said county board of equalization who is not a freeholder of the county where he is to serve . . . "B. There is also created for each county in the state an excise board to be composed of the members of the equalization board . . ." A plain reading of the above statute discloses that registration to vote in no way qualifies an individual as member of a County Excise Board. The second question you have presented concerns what flexibility, if any, a county officer has in determining specific salaries for employees after requesting and receiving appropriations based upon different salary requirements. Title 19 O.S. 180.65 [19-180.65] (1979), establishes salary limitations upon all authorized assistants and employees based upon salaries of the various statutory officers as outlined at 19 O.S. 180.64A [19-180.64A]. This statute authorizes a salary not to exceed ninety percent (90%) of the salary authorized the respective officer for a chief deputy or assistant to any officer and a maximum of eighty percent (80%) of the salary of the principal officer for all other deputies, aids and assistants. 19 O.S. 180.65 [19-180.65] further establishes the working relationship between the principal officer and the County Excise Board in establishing the necessary number of employees and their salary requirements. 19 O.S. 180.65C [19-180.65C] states in part: ". . . the aforesaid salaries within said limitations shall be such amounts as the principal officer may propose and establish the need for and which the County Excise Board may approve within salary and staffing requirements as may be prescribed by law . . ." 19 O.S. 180.65D [19-180.65D] also states: ". . . subject to said limitation (80% limitation), the salary or rate of pay of such subordinate shall be determined by the principal officer and the county excise board based upon responsibility, risks, skills, training, and experience required by such position and afforded by the subordinate; . . ." The plain intent of the above statutory language is to limit the discretion afforded county officers in revising proposed salaries for employees after approval of specific appropriations by county excise boards. It is, therefore, the official opinion of the Attorney General that your question be answered as follows: 1. Individuals must meet all requirements of 68 O.S. 2457 [68-2457] (1977), to qualify as Excise Board members. Registration to vote has no effect upon such individual qualifications. 2. County officers do not have the authority to revise the salary of employees after the principal officer and respective county excise board have reviewed salary and staffing requirements and the respective County Commissioners and Excise Board made specific appropriations based upon said agreed requirements. (JOHNNY J. AKINS) (ksg)